## ELDRED v. KIRKLAND.

(Circuit Court, N. D. New York. July 18, 1903.)

**1. PATENTS—INVENTION—CIGAR LIGHTERS.**
  The Chambers patent, No. 492,913, for an electric lamp lighter, used for cigar lighters, shows a combination of old elements, which, in view of the prior art, is not such as to involve patentable invention. Also *held* not infringed even if valid.

In Equity. The bill of complaint in this cause was filed against the defendant to restrain him from further infringing letters patent No. 492,913, dated March 7, 1893, and issued to J. C. Chambers, being a patent for an electric lighter or cigar lighter, and for an accounting.

C. C. Linthicum, and Louis K. Gillson (Milton E. Robinson, of counsel), for complainant.
Stem, Heidman & Mehlhope, for defendant.

RAY, District Judge. The complainant rests his case upon claims 1, 5, and 10, as set forth in his patent, and which claims read as follows:

"(1) In an electrical lamp lighter, the combination, with a lamp, the burner of which is formed into or provided with an electrode, an extinguisher formed

into or provided with the opposite electrode, and means for establishing and breaking the electrical connection between said electrodes, substantially as set forth."

"(5) In an electrical lamp lighter, the combination, with a lamp, the burner of which is formed into or provided with an electrode, an arm pivotally secured adjacent to the lamp, one end of which is provided with an extinguisher and an electrode, and means for automatically returning the arm to extinguish the light, substantially as set forth."

"(10) In an electric lamp lighter, a lamp, a support therefor, an arm led into proximity to the lamp, provided with an extinguisher, an electric circuit having its electrodes at the adjacent portions of the arm and lamp, said arm and lamp, the one movable in relation to the other, to close said circuit to ignite the lamp, and self-retracting, to extinguish the lamp, said circuit being normally open, substantially as described."

This patent in question has been in litigation and was passed upon in the case of Eldred v. Kessler (Seventh Circuit, Feb. 7, 1900) 106 Fed. 509, 45 C. C. A. 454, that case was well considered both at the circuit and in the Circuit Court of Appeals, and this court does not deem it necessary to go further than to say it agrees with the holdings of the court in that case.

It is conceded by the complainant that his patent must stand upon an alleged new combination of old elements. This new combination, in the opinion of this court, and in view of the prior art, is not such as show patentable invention. There is no infringement. The defendant has combined old elements, we will say, in a new form, but he has not copied or followed the combination of the complainant. These elements used by the complainant had been combined in various forms by others, to produce a given result, which had been substantially attained.

This court is familiar with the doctrine of the cases cited by the complainant to the effect that a new combination of known devices, whereby the effectiveness of the machine is increased, may be the subject of a patent. Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017. In Le Roy v. Tatham, 22 How. 132, 16 L. Ed. 366, it was said: "One new and operative agency in the production of the desired result would give novelty to the entire combination." All this is true, but in the case at bar the court finds no new combination of known devices, whereby the effectiveness of the machine is increased, nor does it find one new and operative agency in the production of the desired result.

The bill of complaint must be dismissed, with costs.